UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JEFFREY EDWARD LEMIRE        :
                             :
v.                           :   C.A. No. 20-00481-JJM
                             :
STATE OF RHODE ISLAND        :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915 without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.[1]

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant

---

[1] Plaintiff's prior pro se lawsuit, C.A. No. 20-408-WES asserted similar, unsupported and baseless claims concerning the 2020 general election and his candidacy for the United States House of Representatives. In the previous case, the Court identified a number of deficiencies in the Application to Proceed IFP, and the Court noted that his Complaint would not survive screening unless amended. The Court directed Plaintiff to refile the Application or pay the civil filing fee, and to Amend his Complaint by October 9, 2020. Plaintiff failed to take any action, and that lawsuit was ultimately dismissed on November 2, 2020. The present case filed on November 13, 2020, is the second iteration of the same basic claims.

with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff was a candidate for the United States House of Representatives in the 2020 general election for Rhode Island's First Congressional District. The Board of Elections for the State of Rhode Island published its official results which indicate that Plaintiff placed third in the election, garnering 28,300 votes, or 12.6% of the vote. Congressman David Cicilline won the election, securing 158,550 votes, or 70.8% of the vote. See https://www.ri.gov/election/results/2020/general_election/ (last visited 12/7/2020).

In his Complaint against the State of Rhode Island, Plaintiff seeks to challenge the results of the election. Plaintiff's handwritten Complaint was filed on a Form Complaint and states that the basis of his claim is, "[m]y Constitution Right for a fair and honest election under the U.S. Constitution." (ECF No. 1 at p. 5). He alleges that the State of Rhode Island "made laws to limit" his "ability to campaign" and that he has been denied access to "ballots and data" concerning the election. Id. at p. 9. He seeks to "stop the certification" of the election results and have this Court hold a hearing concerning "the Rhode Island Government's interference in [his] election." Id. at p. 6. On the Civil Cover Sheet filed in this case, and within his Complaint, he indicates that the basis for his claim is "US Constitution" and "US Election Code 595." Id. at p. 4.

As drafted, the Complaint fails to comply with Rule 8. It does not inform Defendant or the Court as to the relevant facts and claims, nor does it permit Defendant to answer the Complaint and prepare for trial. The Complaint states that it is based on the "U.S. Constitution" but does not provide any further guidance to the Court or Defendant as to the basis of such a claim. In short, as Judge Easterbrook summarized, "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

Finally, Plaintiff indicates his claim is also based on "U.S. Election Code 595" without providing further information to the Court. The Court surmises that Plaintiff may be attempting to state a claim under 18 U.S.C. § 595, a criminal statute that states, in part: "[w]hoever, being a person employed…by any State…of the United States…uses his official authority for the purpose of interfering with, or affecting, the nomination or the election of any candidate for the office of…Member of the House of Representatives,…shall be fined under this title or imprisoned not more than one year, or both." 18 U.S.C. § 595. Plaintiff's reliance on this statute is misplaced because 18 U.S.C. § 595 is a criminal statute that does not provide a private right of action. See, e.g., Clinton v.

Jones, 520 U.S. 681, 718 (1997) (holding that "criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."). Sharma v. Trump, No. 2:20-cv-944-TLN-EFB PS, 2020 WL 5257709, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 2:20-cv-00944-TLN-EFB, 2020 WL 5944189 (E.D. Cal. Oct. 7, 2020) (no private right of action under 18 U.S.C. § 595). Plaintiff is not permitted to bring a civil action under 18 U.S.C. § 595, and any such allegations must be dismissed for failure to state a claim.

**Conclusion**

For the reasons stated, Plaintiff's Motions to Proceed IFP (ECF No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Complaint (ECF No. 1) and this case be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 8, 2020